UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Viking Buick GMC, Inc.,

    Plaintiff,

v.                                                             Civil No. 14-309 (JNE/JJG)
                                                              ORDER

General Motors, LLC,

    Defendant.

Asserting violations of Minn. Stat. ch. 80E, Viking Buick GMC, Inc. (Viking), brought this action against General Motors, LLC (GM), under the jurisdiction conferred by 28 U.S.C. § 1332(a)(1) (2006 & Supp. V 2011). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Observing that Viking failed to allege GM's citizenship, the Court grants Viking an opportunity to file an amended complaint.

A district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, Viking bears the burden of alleging each party's citizenship. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

In its Complaint, Viking alleged that it "is a corporation organized and existing under the laws of Minnesota with its principal place of business in . . . Minnesota"; that GM "is a limited liability company organized and existing under the laws of Delaware with its principal place of business located in . . . Michigan"; and that "[a]ll of the underlying LLC members are domiciled outside of the state of Minnesota." Viking alleged that it is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1). It did not allege GM's citizenship.

For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as

2

well." *Delay*, 585 F.3d at 1005.  Viking did not allege the citizenship of each member of GM.  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64-65 (9th Cir. 2011).

Having failed to allege the citizenship of the members of GM, Viking has not satisfied its burden of alleging diversity jurisdiction.  Unless Viking files by February 12, 2014, an amended complaint that alleges with specificity the citizenship of each party at the time of this action's commencement, *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004), the Court will dismiss this action for lack of subject-matter jurisdiction.  *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

    IT IS SO ORDERED.

Dated: February 4, 2014

                                                  s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge